ALVIN A. SMITH, DOING BUSINESS AS TERRITORIAL COLLECTORS *v.* LESTER F. LILIENTHAL, BISHOP NATIONAL BANK OF HAWAII AT HONOLULU AND BANK OF HAWAII, AT HONOLULU, GARNISHEES.

NO. 2823.

ARGUED MAY 6, 1953.        DECIDED MAY 12, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

This is a suit by a collection agency, the assignee of H. F. Wichman & Company, Limited, a corporation, based upon an alleged indebtedness of the defendant in the sum of $900, as balance of the purchase price of a diamond ring of the amount of $1200.

It appears that a sale of a diamond ring was made to defendant by a Mr. Linczer, vice-president and salesman of H. F. Wichman & Company, Limited, an Hawaiian corporation, at the place of business of the corporation in Honolulu. The defendant contended that Mr. Linczer represented to him that he, Linczer, was selling the ring out of his own private stock, the defendant testifying that Mr Linczer said that this was a deal between the two of them that he did not want anyone else to know about it. Apparently the ring was being sold at a reduced price and he, Linczer, could not give any discount upon store property according to defendant's testimony.

Defendant made three payments of $100 each on account of the purchase price, checks being made payable to Mr. Linczer but being endorsed and deposited to the account of H. F. Wichman & Company, Limited.

The defendant neglected to keep up his payments and a number of letters were written to him by H. F. Wichman & Company, Limited, demanding payment of the unpaid balance. The testimony shows that the defendant received the first letter about July, 1949. Soon thereafter the defendant telephoned Mr. Linczer who, in response to questions, informed the defendant that the ring had been purchased from H. F. Wichman & Company, Limited. Defendant received a later letter in September, 1949, and in response to this letter the defendant informed Mr. Linczer that there would be no more payments until his name was taken off the H. F. Wichman & Company records. Thereupon Mr. Linczer suggested that the defendant return the

diamond ring to the H. F. Wichman & Company, Limited, and the company would give him credit if he did not wish this particular diamond. The defendant failed to take any steps or make any further payments but kept the ring.

It is needless to review the testimony at length. The testimony of Mr. Linczer and that of the Wichman officials is uncontradicted that the ring belonged to H. F. Wichman & Company, Limited, and that in the transaction involving the sale the ring was always regarded as company property, Mr. Linczer simply acting as an employee and agent of the principal.

The most that can be said is that the defendant thought he was dealing with Mr. Linczer personally but in fact Mr. Linczer was the agent for the undisclosed principal, H. F. Wichman & Company, Limited.

The law is elementary that under such cases the undisclosed principal may sue and that the only defense that a defendant might interpose are setoffs or equitable claims against the agent before he knew that the agent was acting for a third party. If the defendant had any doubt that he might be liable to Linczer, he could have interpleaded him—though as Mr. Linczer testified as to the agency there could be no question of the defendant's liability to Linczer.

Without attempting to cite even a fraction of the numerous authorities as to the liability of a person to an undisclosed principal, see 2 American Jurisprudence, Agency, section 410, page 320: "When an agent makes a simple contract for his principal, but, contracting as if he were principal, conceals the fact that he is an agent, the principal may at any time appear in his true character and claim all the benefits of the contract from the other contracting party, so far as he can do so without injury to that other by the substitution of himself for his agent. * * *"

See 21 Ruling Case Law, Principal and Agent, section 72, pages 897, 899: "* * * A complaint to enforce a contract on behalf of an undisclosed principal need not state that the contract was made through the agent. *·*· *"

See also 2 Mechem, *Agency,* 2d edition, section 2059, pages 1626, 1627: "* * * All simple non-negotiable contracts, whether written or unwritten, made by the agent in the execution of his agency, though made in his own name without disclosing his principal or the fact of the agency, * * * may be enforced by the principal, * * * by appropriate actions brought in his own name. * * *"

The owner may assign the claim to the collection agency for suit in the assignee's name.

A verdict should have been directed for plaintiff.

Reversed.

*D. G. Ridley* (also on the briefs) for plaintiff, plaintiff-in-error.

*H. M. Greenstein* (also on the briefs) for defendant, defendant-in-error.